UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. |
| VERSUS | 99-35-JWD-EWD |
| PATRICIA H. JACKSON | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 15, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                              CRIMINAL ACTION NO.

VERSUS                                                              99-35-JWD-EWD

PATRICIA H. JACKSON

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

Before the court is a Motion to Reduce Sentence under Fed. R. Crim. P. 35 (the "Motion"),[1] filed by Patricia Jackson ("Jackson"). After careful review of the Motion, the Government's response and applicable law, the Motion is without merit and should be denied. An evidentiary hearing is not necessary.

**I.    Background**

On April 13, 1999, Jackson pled guilty to one count of making false statements to a firearms dealer in violation of 18 U.S.C. § 922(a)(6).[2] She was sentenced to 12 months of imprisonment, followed by 2 years of supervised release on August 27, 1999.[3] Jackson's probation officer filed a Petition for Warrant or Summons for Offender Under Supervision on August 8, 2002, asking the Court to issue a warrant for Jackson's arrest and to revoke Jackson's supervised release for violations of the terms of her supervised release, including alleged new criminal conduct.[4] An Amended Petition for Warrant or Summons for Offender Under Supervision was filed on June 24, 2009 indicating that no action had been taken on the original Petition, presumably because Jackson had been in state custody regarding the alleged new criminal conduct.[5] Jackson pled guilty on

---

[1] R. Doc. 45
[2] R. Doc. 22.
[3] R. Doc. 26.
[4] R. Doc. 29.
[5] The Amended Petition alleges that Jackson was sentenced to twenty-five years for armed robbery. R. Doc. 30, p. 2.

October 29, 2009 to the supervised release violations and was sentenced to 18 months in the custody of the Bureau of Prisons, which "shall run consecutive to the defendant's term of imprisonment pursuant to the judgment in Docket Number 02-221943, 16th Judicial District Court, St. Martin, Louisiana, Docket Number 9-02-0478, 19th Judicial District Court, Baton Rouge, Louisiana, and Docket Number 9-02-295, 19th Judicial District Court, Baton Rouge, Louisiana."[6] On June 19, 2017, Jackson filed the instant Motion, arguing that her federal sentence should be changed to run concurrently with her state sentences (rather than consecutively) because of her achievements toward rehabilitation and her exemplary conduct as an inmate at Louisiana Correctional Institute for Women.

## II.    Law and Analysis

Once a sentence of imprisonment has been imposed, a court's authority to reduce or modify the sentence is limited.[7] Modification to a previously imposed sentence is only authorized in the following circumstances: (1) when the court receives a motion indicating there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission as provided in 18 U.S.C. § 3582(c)(1) or the defendant is at least 70 years of age, has served at least 30 years in prison, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); (2) pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure the district court may correct an arithmetical, technical or other clear error identified in a previously imposed sentence within fourteen days after the imposition of the sentence; (3) pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure the government may move for reduction when a defendant has provided

---

[6] R. Docs. 43 & 44.
[7] *U.S. v. Ross*, 557 F.3d 237, 238 (5th Cir. 2009).

substantial assistance; and (4) when a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission and such a reduction would be consistent with the Commission's policy statements under 18 U.S.C. § 3582(c)(2).[8]  In *U.S. v. Lopez*, the Fifth Circuit made clear that Rule 35 does not authorize resentencing on the basis that the district court has changed its mind about the appropriateness of the sentence.[9]

As Jackson is representing herself, her pleadings are to be liberally construed.[10]  Jackson does not allege error, that she has provided substantial assistance or that the sentencing range has been lowered.  The only circumstance for modification of Jackson's sentence that is potentially applicable is 18 U.S.C. § 3582(c)(1)(A)(i),[11] which permits modification of a sentence "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," if "extraordinary and compelling reasons warrant such a reduction."

Jackson has not alleged that she meets the requirements of this provision.  The Bureau of Prisons ("BOP") has not filed a motion on Jackson's behalf and Jackson has not alleged that she has exhausted her administrative rights to appeal the failure to BOP to do so or that she has even

---

[8] 18 U.S.C. § 3582(c).
[9] 26 F.3d 512, 515 (5th Cir. 1994).
[10] *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019), *citing Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) ("The filings of a *pro se* litigant are "'to be liberally construed,' ... and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]' ").
[11] Jackson's pleadings make it clear that she does not fit within the requirements of 18 U.S.C.§ 3182(c)(1)(A)(ii) because she is not 70 years old and has not served 30 years.

3

requested that BOP do so.[12] Further, although Jackson's accomplishments and good behavior are commendable, that does not appear to be the type of extraordinary circumstance contemplated under § 3582(c)(1)(A)(i).[13]

As the Motion to Reduce Sentence has no legal basis, it should be denied.

### III.    Recommendation

As Jackson's Motion to Reduce Sentence does not fall within any of the limited bases for modification of a sentence after judgment is imposed, **IT IS RECOMMENDED** that the Motion to Reduce Sentence,[14] filed by Patricia Jackson, be **DENIED**.

Signed in Baton Rouge, Louisiana, on April 15, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] *See, Soto v. Upton*, No. 17-154, 2018 WL 3196956, at *2 (N.D. Tx. June 29, 2018) (denying modification of judgment under 18 U.S.C. § 3582 where petitioner had not shown that she fit within any of the circumstances available for post-judgment sentence modification).

[13] *See, e.g., U.S. v. Perdigao*, No. 07-103, 2020 WL 1672322, at *3 (E. D. La. Apr. 2, 2020)("Although the relevant policy statement [of the Sentencing Commission] has not been amended to reflect legislative changes brought about by the First Step Act, the policy statement remains instructive to the Court's determination of whether extraordinary and compelling reasons warrant a sentence modification. In relevant part, the policy statement provides that an extraordinary condition exists if the defendant suffers from a terminal illness or another "serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. 1B1.13 cmt. 1(a).")

[14] R. Doc. 45.