## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. |
| VERSUS | 99-35-JWD-EWD |
| PATRICIA H. JACKSON | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 14, 2023.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. |
| VERSUS | 99-35-JWD-EWD |
| PATRICIA H. JACKSON | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a "Motion to Run Concurrent/Credit Time Served" (the "Motion"),[1] filed by Defendant Patricia Jackson ("Jackson"). Jackson requests reduction of her sentence. After careful review of the Motion, and the applicable law, the Motion is without merit and should be denied. Neither further briefing, nor an evidentiary hearing, is necessary.

**I.    BACKGROUND**

On April 13, 1999, Jackson pleaded guilty to one count of making false statements to a federally licensed firearms dealer in violation of 18 U.S.C. § 922(a)(6).[2] She was sentenced to 12 months of imprisonment, followed by 2 years of supervised release on August 27, 1999.[3] Jackson's probation officer filed a Petition for Warrant or Summons for Offender Under Supervision on August 8, 2002, asking the Court to issue a warrant for Jackson's arrest and to revoke Jackson's supervised release for violations of the terms of her supervised release, including alleged new criminal conduct.[4]  An Amended Petition for Warrant or Summons for Offender Under Supervision was filed on June 24, 2009 indicating that no action had been taken on the original Petition, presumably because Jackson had been in state custody regarding the alleged new

---

[1] R. Doc. 61.
[2] R. Doc. 22.
[3] R. Doc. 26.
[4] R. Doc. 29.

criminal conduct.[5] Jackson pleaded guilty on October 29, 2009 to the supervised release violations and was sentenced to 18 months in the custody of the Bureau of Prisons, which "shall run consecutive to the defendant's term of imprisonment pursuant to the judgment in Docket Number 02-221943, 16th Judicial District Court, St. Martin, Louisiana, Docket Number 9-02-0478, 19th Judicial District Court, Baton Rouge, Louisiana, and Docket Number 9-02-295, 19th Judicial District Court, Baton Rouge, Louisiana."[6] Jackson filed a Motion to Reduce Sentence Pursuant to Fed. R. Crim. P. 35, arguing that her federal sentence should be changed to run concurrently with her state sentences (rather than consecutively) because of her achievements toward rehabilitation and her exemplary conduct as an inmate at Louisiana Correctional Institute for Women.[7] The Court denied Jackson's Motion to Reduce Sentence on April 30, 2020.[8] On January 3, 2023, Jackson filed the instant Motion, requesting a reduction in her sentence. Jackson cites to her lengthy period of incarceration in state custody (20 years and 4 months), that she will have to complete an additional 15 months in federal custody for her supervised release violations, her age (52), medical conditions, and that she has missed time with her children.[9]

**II.     LAW AND ANALYSIS**

According to the Federal Bureau of Prisons ("BOP"), Jackson is currently scheduled for release on March 3, 2024,[10] so it appears she has completed her state sentences and is serving her federal sentence which was ordered by the court to run consecutively to her state sentences. Once a sentence of imprisonment has been imposed, a court's authority to reduce or modify the sentence

---

[5] The Amended Petition says that Jackson was sentenced to twenty-five years for armed robbery. R. Doc. 30, p. 2.
[6] R. Docs. 43 & 44.
[7] R. Doc. 45.
[8] R. Docs. 56, 58, & 59.
[9] R. Doc. 61. Jackson says she received "one year and three moths in federal custody …," but her revocation sentence was for 18 months. R. Doc. 44.
[10] https://www.bop.gov/inmateloc/ (searched for "Patricia H. Jackson") (last visited 4/14/2023).

2

is limited.[11]  Modification of a sentence is only authorized in the following circumstances: (1) when the court receives a motion indicating there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission as provided in 18 U.S.C. § 3582(c)(1) or the defendant is at least 70 years of age, has served at least 30 years in prison, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); (2) pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure the district court may correct an arithmetical, technical or other clear error identified in a previously imposed sentence within fourteen days after the imposition of the sentence; (3) pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure the government may move for reduction when a defendant has provided substantial assistance; and (4) when a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission and such a reduction would be consistent with the Commission's policy statements under 18 U.S.C. § 3582(c)(2).[12]

Jackson does not allege error, that she has provided substantial assistance, or that the sentencing range has been lowered.  The only circumstance for modification of Jackson's sentence that is potentially applicable is 18 U.S.C. § 3582(c)(1)(A)(i),[13] which permits modification of a sentence "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," after considering

---

[11] *United States v. Ross*, 557 F.3d 237, 238 (5th Cir. 2009).
[12] 18 U.S.C. § 3582(b) and (c).
[13] Jackson's pleadings make it clear that she does not fit within the requirements of 18 U.S.C.§ 3182(c)(1)(A)(ii) because she is not 70 years old and has not served 30 years.

3

the factors set forth in section 3553(a) to the extent applicable, if "extraordinary and compelling reasons warrant such a reduction." This provision is colloquially called "compassionate release."[14]

First, the Court considered Jackson's prior Motion to Reduce Sentence under the provisions of 18 U.S.C. § 3582(c) and found that she had not met the requirements of the statute.[15] Jackson still has not alleged that she meets the requirements of this provision. The Bureau of Prisons ("BOP") has not filed a motion on Jackson's behalf and Jackson has not alleged that she has exhausted her administrative rights to appeal the failure to BOP to do so or that she has even requested that BOP do so.[16]

Even if Jackson's current Motion were considered on the merits, it would fail. Jackson's vague statements about health issues "such as dementia, heart disease, high blood pressure," and "no cartilage" in her knees, do not constitute "extraordinary and compelling reasons" for reduction of her sentence. This phrase has been interpreted to require that the prisoner show that she "'faces some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner' that leads 'irresistibly' to the conclusion that the prisoner has a 'singular' and 'remarkable' need for early release.'"[17] While a "late-stage, terminal prognosis can constitute an extraordinary and compelling basis" for compassionate release,[18] Jackson has not alleged health conditions that severe. Even if she did, compassionate release would not be mandated, but would,

---

[14] *United States v. McMaryion*, -- F.4th --, 2023 WL 2658434, at *1 (5th Cir. 2023), citing *United States v. Shkambi*, 993 F.3d 388, 390-92 (5th Cir. 2021) (describing the history of compassionate release).
[15] R. Doc. 56, pp. 4-5 and R. Docs. 58-59.
[16] *See, Soto v. Upton*, No. 17-154, 2018 WL 3196956, at *2 (N.D. Tx. June 29, 2018) (denying modification of judgment under 18 U.S.C. § 3582 where petitioner had not shown that she fit within any of the circumstances available for post-judgment sentence modification).
[17] *McMaryion*, 2023 WL 2658434, at *1, citing *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023).
[18] *McMaryion*, 2023 WL 2658434, at 2, citing *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020).

instead, be discretionary, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a).[19]

Here, Jackson pleaded guilty to one count of making false statements to a federally licensed firearms dealer in violation of 18 U.S.C. § 922(a)(6).[20] She was originally sentenced to 12 months of imprisonment, followed by 2 years of supervised release on August 27, 1999.[21] Jackson's supervised release was revoked in 2002 after she pleaded guilty to the violations contained in the petition for revocation, which included state court convictions for new criminal conduct. Specifically, Jackson was convicted in state court of armed robbery and sentenced to twenty-five years imprisonment.[22] She was also convicted in a different state court of writing several worthless checks and sentenced to five years in prison.[23] Her imprisonment for 18 months for revocation of her supervised release was specifically ordered to run consecutively to, rather than concurrently with, the terms of imprisonment on the state offenses.[24] Further, although the Court is sympathetic to Jackson's statements about time lost with her children, that is largely due to the lengthy sentence she received in state court for the armed robbery conviction, not the 18 month term imposed by

---

[19] These factors include: sentencing guideline range, the circumstances and nature of the particular offense, *e.g.*, is it a crime of violence, defendant's personal characteristics and history, the need to avoid unwarranted differences amongst sentences for defendants convicted of similar conduct who have similar criminal records, the societal need for the sentence imposed, the kinds of sentences available, the importance of providing restitutions to any victims, if applicable, and any relevant policy statement released by the Sentencing Commission.
[20] R. Doc. 22.
[21] R. Doc. 26.
[22] As part of the terms of her supervised release, Jackson was prohibited from possessing a firearm. R. Doc. 26, p. 3. Her state court armed robbery conviction involved use of a firearm. Armed robbery is, and was at the time Jackson pleaded guilty, also a crime of violence under Louisiana law. La. R.S. § 14:2(B)(21) (2023). *See also* La. R.S. § 14:2 (as amended by Acts 2001, No. 301, § 2, eff. Aug. 15, 2001, and Acts 2002, 1st Ex. Sess., No. 128, § 2, eff. June 16, 2002); *Boland v. Kleinpeter*, 2001-3287 (La. 6/21/02), 820 So.2d 489, 491 n. 5, quoting La. R.S. § 14:2(13), which includes "armed robbery" in the list of "enumerated offenses" that constitute "crimes of violence.").
[23] R. Doc. 30.
[24] R. Doc. 44.

this Court. Finally, and as noted above, Jackson has not alleged health conditions of the severity generally considered appropriate for compassionate release.[25]

### III. RECOMMENDATION

As Jackson has failed to make the necessary showing to warrant the relief requested, **IT IS RECOMMENDED** that the "Motion to Run Concurrent/Credit Time Served,"[26] filed by Defendant Patricia Jackson, be **DENIED**.

Signed in Baton Rouge, Louisiana, on April 14, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[25] The Sentencing Commission's policy statement permits reduction of sentence if extraordinary and compelling reasons warrant the reduction, the defendant is not a danger to the community, and the reduction is consistent with the policy statement. As to a defendant's medical condition, the commentary following the policy statement states that if the defendant is suffering from a terminal illness, a serious physical or medical condition, serious functional or cognitive impairment, or experiencing deteriorating physical or mental health due to aging that substantially diminishes the defendant's ability to care for herself and from which she is not expected to recover, that may constitute extraordinary and compelling reasons to warrant the reduction. *See United States v. Foreman*, No. 17-119, 2022 WL 17077008, at *2 (M.D. La. Nov. 18, 2022). The Court is not bound by the policy statement (*see id*., citing *Shkambi*, 993 F.3d at 393), and Jackson has not alleged sufficient information to establish that her health conditions are serious enough to fall within the provisions of the policy statement. Even if she did, as noted above, the decision whether to grant compassionate release is not mandatory but is still within this Court's discretion after weighing the sentencing factors in 18 U.S.C. § 3553(a).

[26] R. Doc. 61.